UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LAURINCE O. SIMPSON,<br><br>Petitioner,<br><br>v.<br><br>RANDY GROUNDS, Warden,<br><br>Respondent. | Case No. SACV 11-1502-PA(AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION |

Petitioner filed this petition for a writ of habeas corpus challenging his 2010 conviction for petty theft with a prior theft offense. [Petition at 2]. Petitioner has filed an appeal in the California Court of Appeal, which is currently pending. [See Petition at 3].

Petitioner contends that although his appeal is pending, he has exhausted his state remedies by presenting his claims to the California Supreme Court in a habeas petition. [Petition at 4 (noting case no. S188398)]. The California Supreme Court, however, denied the petition with citations to People v. Duvall, 9 Cal.4th 464, 474, (1995), In re Dixon, 41 Cal.2d 756, 759 (1953), and In re Swain, 34 Cal.2d 300, 304 (1949). See apellatecases.courtinfo.ca.gov. As explained by the Ninth Circuit, the state court's denial of a petition with citation of In re Swain and People v. Duvall is understood as a denial of an application without prejudice to refiling a new petition that would state fully and with

particularity the facts on which relief is sought. Gaston v. Palmer, 417 F.3d 1030, 1038–1039 (9th Cir. 2005). In re Dixon, 41 Cal.2d at 759 holds that in the absence of special circumstances constituting an excuse for failure to raise a claim on direct appeal, habeas will not lie. Because the petition presented to the California Supreme Court was procedurally deficient and because that court denied the petition without prejudice to petitioner's presentation of his claims in a proper manner, petitioner has not satisfied the exhaustion requirement.

In any case, even if petitioner's claims had been exhausted, his conviction is not yet final. A favorable decision by the state court could moot any federal claim. Because his petition is premature, the petition is dismissed without prejudice to its refiling after petitioner's conviction has become final. See Deere v. Superior Court of Cal., 330 Fed. App'x 693, 694 (9th Cir. 2009); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).[1]

Dated: September 30, 2011

Percy Anderson
United States District Judge

---

[1] Petitioner is cautioned that a one year limitation period applies to federal habeas petitions. See 28 U.S.C. § 2244(d). Generally, a state conviction is final 90 days after the petitioner's petition for review is denied. See Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). Petitioner would have one year from that date within which to file a federal petition. This period would be extended if petitioner has a properly filed state application for relief pending or is entitled to equitable tolling. Nothing in this order should be construed as an opinion as to the timeliness of any future petition.